**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WILLIAM H. MAYBERRY, JR., ) | | |
| Petitioner, ) | | |
| ) | | |
| vs. ) | | Civil Action No. 13-883 |
| ) | | Magistrate Judge Maureen P. Kelly |
| WAYNE J. GAVIN; THE ATTORNEY ) | | |
| GENERAL OF THE STATE OF ) | | |
| PENNSYLVANIA, ) | | |
| Respondents. ) | | Re: ECF No. 11 |

## ORDER

William H. Mayberry, Jr. ("Petitioner") has filed a Motion to Disallow Respondents to Oppose Petitioner's Habeas Corpus Petition, based upon the fact that the Respondents failed to file a timely Answer (the "Motion to Disallow"). ECF No. 11. The Court ordered Respondents to file a response to Petitioner's Motion to Disallow, and they did. ECF No. 15.

Petitioner initiated this habeas proceeding on June 24, 2013 with the filing of the Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"). ECF No. 1. The Court ordered the Respondents to file an Answer. Respondents filed a timely motion for extension of time in which to file an Answer, ECF No. 5, which this Court granted, ECF No. 6, and directed that the Respondents file their Answer no later than October 4, 2013. On October 9, 2013, the Court issued an Order to Show Cause why the Answer was not filed by October 4, 2013. That same day, Respondents filed a Second Motion for Extension of Time to file an Answer. On October 10, 2013, the Court granted Respondents' Second Motion and required the Answer to be filed no later than November 25, 2013. ECF No. 8. However, Respondents did not file their Answer until December 12, 2013. ECF No. 10.

In his Motion to Disallow, Petitioner cites the failure of the Respondents to file their Answer by the deadline as the reason to bar them from opposing the Petition. Essentially, Petitioner seeks a default judgment against the Respondents for their Answer being filed 2 ½ weeks late. However, Petitioner is not entitled to a default judgment or to have this Court ignore the Respondents' Answer. See Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir. 1984) ("[W]ere district courts to enter default judgments without reaching the merits of the claim, it would be not the defaulting party but the public at large that would be made to suffer, by bearing either the risk of releasing prisoners that in all likelihood were duly convicted, or the costly process of retrying them."). While the failure by Respondents' counsel to abide by Court ordered deadlines is not to be commended, such failure does not justify the drastic remedy that Petitioner seeks. Accordingly, Petitioner's Motion to Disallow is DENIED.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITES STATES MAGISTRATE JUDGE

cc: William H. Mayberry, Jr.
GT-3019
SCI Waymart
P.O. Box 256
Waymart, PA 18472

All Counsel of Record via CM-ECF