IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM H. MAYBERRY, JR., )<br>                      Petitioner, )<br>                             )<br>   vs.                                )<br>                                 )<br>WAYNE J. GAVIN; THE ATTORNEY )<br>GENERAL OF THE STATE OF )<br>PENNSYLVANIA, )<br>                   Respondents. ) | Civil Action No. 13-883<br>Chief Magistrate Judge Maureen P. Kelly |

**MEMORANDUM OPINION**

William Mayberry, Jr. ("Petitioner") has filed a Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254, (the "Petition"), seeking to attack his state court convictions for multiple counts of sexually abusing his daughter. Because more than one year of countable time passed between the date that Petitioner's conviction became final and the date that he filed the instant Petition, his Petition is untimely. Petitioner does not carry his burden to show that he is entitled to equitable tolling. Accordingly, the Petition will be dismissed for failing to comply with the applicable statute of limitations.

**I. PROCEDURAL HISTORY**

As the Court writes primarily for the parties, we will review the most significant facts. In May, 2005, Petitioner was found guilty by a jury of rape by forcible compulsion, rape of a person less than thirteen years old, statutory sexual assault, aggravated indecent assault, incest and corruption of minors. In June, 2006, Petitioner was sentenced to an aggregate term of 8 ½ to 17 years of imprisonment to be followed by 5 years of probation. He was also determined to be a sexually violent predator.

Petitioner filed post sentence motions. The post sentence motions were denied on October 13, 2006. ECF No. 20-2 at 6 – 24. Petitioner then filed a direct appeal to the Pennsylvania Superior Court on November 9, 2006 at 2110 WDA 2006 which the Superior Court denied on August 22, 2007. Commonwealth v. W.H.M. Jr., 932 A.2d 155 (Pa. Super. 2007). Petitioner did not thereafter file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court.

Petitioner, acting pro se, then filed his First PCRA Petition on December 27, 2007, ECF No. 18 at 3,[1] which was denied on January 11, 2010 by the PCRA trial court. ECF No. 1-1 at 2 – 9. Petitioner then filed a timely appeal with the Pennsylvania Superior Court, which denied relief on October 5, 2010.[2] Petitioner's counsel did not file an appeal with the Pennsylvania Supreme Court thereafter, despite Petitioner's a request that he do so.

Petitioner did not learn of the Superior Court's October 5, 2010 decision denying his appeal in the First PCRA proceeding until January 3, 2011. ECF No. 1 at 22 – 23. Waiting for nearly seven months, Petitioner then filed his Second PCRA Petition on May 1, 2011. ECF No.

---

[1] Petitioner uses the date of December 27, 2007, as the filing date for his First PCRA Petition. The Superior Court indicated that Petitioner's First PCRA Petition was filed on January 2, 2008. ECF No. 1-1 at 18. We suspect that the discrepancy is the difference between the date he signed his First PCRA Petition and the date it was formally docketed. We will use Petitioner's more favorable dates.

[2] The Court takes judicial notice of the dockets of the Pennsylvania Superior Court in Commonwealth v. W.H.M., Jr., No. 184 WDA 2010 (Pa. Super.) available at:

https://ujsportal.pacourts.us/DocketSheets/AppellateCourtReport.ashx?docketNumber=184+WDA+2010
(site last visited 12/16/2015).

18 at 9.³  On August 14, 2012, the PCRA trial court denied the Second PCRA Petition as untimely filed.  ECF No. 20-13 at 7 – 12.  Thereafter Petitioner filed an appeal with the Pennsylvania Superior Court, which affirmed the denial of relief on May 2, 2013.⁴  ECF No. 1-1 at 17 – 22.  Petitioner did not file an appeal with the Pennsylvania Supreme Court.

Petitioner, proceeding pro se, then signed the instant Petition on June 10, 2013. Petitioner utilized the form habeas Petition.  In response to the question on the form Petition concerning the timeliness of the Petition, Petitioner claimed entitlement to equitable tolling based on, inter alia, the failures of his direct appeal counsel and PCRA counsel to inform him of decisions by the Superior Court.  ECF No. 1 at 20 – 24.  Respondents filed an Answer, denying that Petitioner was entitled to any relief and raising the statute of limitations defense.  ECF No. 10.  Petitioner filed a Reply Brief or Traverse, invoking the doctrine of equitable tolling and arguing that he had acted with reasonable diligence throughout the time he sought to have tolled. ECF No. 18.

All parties have consented to have the undersigned exercise plenary jurisdiction.  ECF Nos. 13, 14.

---

³ Again, Petitioner's asserted date of filing his Second PCRA Petition is May 1, 2011, whereas the Superior Court states it as being on or about May 6, 2011.  ECF No. 1-1 at 18.

⁴ The Court takes judicial notice of the dockets of the Pennsylvania Superior Court in <u>Commonwealth v. W.H.M., Jr.</u>, No. 1390 WDA 2012 (Pa. Super.) available at:

https://ujsportal.pacourts.us/DocketSheets/AppellateCourtReport.ashx?docketNumber=1390+WDA+2012
(site last visited 12/16/2015).

## II. DISCUSSION

### A. The AEDPA Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254 was enacted on April 24, 1996. Because the Petition in this case was filed after its effective date, the AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

Respondents pointed out in their Answer that this Petition is untimely under the AEDPA. As relevant here, the AEDPA requires that state prisoners file their federal habeas petition within one year after their conviction became final.[5] Specifically, the AEDPA provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . . .
>
> (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the

---

[5] Although the AEDPA provides three other potential starting points for the running of its one year limitations period, Petitioner has not argued for the application of any of those three other starting points and, indeed, from the record, none appear to be applicable. Rodriguez v. Thomas, No. CIV.A. 07-1097, 2007 WL 5041872, at *5 (E.D. Pa. Dec. 10, 2007) ("once a habeas petitioner has been put on notice of AEDPA's statute of limitations defense, 'he bears the burden of demonstrating why the date for the start of AEDPA's limitations period is other than the date the conviction became final or some other reason why the statute of limitations had not run.'"), *report and recommendation adopted by*, 2008 WL 926247 (E.D. Pa. April 1, 2008).

pertinent judgment or claim is pending shall not be counted toward
any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## B. The Petition is Time-Barred.

In this case, Petitioner's conviction became final on September 21, 2007, i.e., thirty days after the Pennsylvania Superior Court affirmed his conviction and no Petition for Allowance of Appeal was filed with the Pennsylvania Supreme Court. Gonzales v. Thaler, __ U.S. __, 132 S.Ct. 641, 654 (2012) ("because Gonzalez did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired"); Drawbaugh v. Beard, No. 3:10-CV-1929, 2011 WL 6960967, at *2 n.3 (M.D. Pa. Nov. 9, 2011) ("Drawbaugh's conviction became final 30 days after the decision of the Pennsylvania Superior Court since he did not petition the Pennsylvania Supreme Court for allocatur."), *report and recommendation adopted by*, 2012 WL 32815 (M.D. Pa. Jan. 6, 2012). See also Kapral v. United States, 166 F.3d 565, 575, 577 (3d Cir. 1999).

As provided by the AEDPA, Petitioner would have had until September 21, 2008, in which to file his Petition attacking deficiencies in his conviction. Petitioner did not file the present Petition until, at the earliest June 10, 2013, the date he signed his Petition.[6] While it is

---

[6] The court will deem the date of the filing to be the date that Petitioner signed the Petition. The so-called "prisoner mail box rule" provides that "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998); United States v. Soto, 159 F.Supp.2d 39, 45 (E.D. Pa. 2001). Absent proof of the exact date of delivering the habeas petition to the prison authorities, the Court will treat the date Petitioner signed his Petition as the filing date. Henshaw v. Commissioner, Dept. of Correction, No. 99-848-SLR, 2000 WL 777868 (D. Del. June 8, 2000).

true that a properly filed post-conviction or collateral petition that was filed and/or pending would have tolled the running of the AEDPA's limitations period, 28 U.S.C. § 2244(d)(2), Petitioner did not file his First PCRA Petition until December 27, 2007. Hence, between September 21, 2007 (the day Petitioner's conviction became final) and December 27, 2007 (i.e., the day Petitioner filed his First PCRA Petition), a total of 97 days passed.[7] Hence, Petitioner only had 268 days of the 365 day time limit remaining. The First PCRA Petition remained pending only until November 4, 2010 (i.e., thirty days after the Superior Court affirmed the denial of PCRA relief in its October 5, 2010 decision). Truxal v. Dist. Attorney of Westmoreland Cty., No. 208-CV-00934, 2010 WL 411766, at *6 (W.D. Pa. Jan. 28, 2010) ("The first PCRA petition remained pending (and so tolled AEDPA's statute of limitations) only until 30 days after June 14, 2004, the date whereon the Superior Court in the PCRA proceedings affirmed the PCRA trial court's denial of relief since no PAA was filed thereafter.") (citing Swartz v. Meyers, 204 F.3d 417, 420 (3d Cir. 2000) (the one year limitation period continues to be tolled during the period permitted by state law for the taking of a timely appeal from the denial of post-conviction relief even if no appeal is taken)).

Accordingly, the AEDPA statute of limitations began running again on November 5, 2010 and continued to run thereafter. Given that Petitioner had only 268 days remaining of the 365 day AEDPA limitations period, Petitioner was required to have filed the Petition no later than July 31, 2011, i.e., 268 days after November 5, 2010. However, Petitioner did not file the

---

[7] For purposes of AEDPA's one year statute of limitations, a "year" means 365 days. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001).

present Petition, until, at the earliest June 10, 2013, or 680 days after July 31, 2011 when the one year statute of limitations had already run. While it is true that Petitioner had filed his Second PCRA petition on May 6, 2011, the Second PCRA Petition cannot statutorily toll the AEDPA statute of limitations because the state courts found that the Second PCRA Petition was untimely filed under state law. Cox v. Beard, No. CIV.A. 12-285, 2014 WL 556236, at *4 (W.D. Pa. Feb. 13, 2014) ("While it is true that pursuant to 28 U.S.C. § 2244(d)(2), a 'properly filed application for State post-conviction' relief, which in this case would be a PCRA petition, tolls the running of AEDPA's one year statute of limitations, the Second PCRA Petition cannot statutorily toll AEDPA's statute of limitations because it was not 'properly filed' within the meaning of the statutory phrase, given that the state courts found that the Second PCRA petition was not filed within the 60 day time limit provided for in state law."). Hence, the Petition is clearly time-barred absent equitable tolling.

### C. Petitioner is not Entitled to Equitable Tolling.

The doctrine of equitable tolling applies to the AEDPA's statute of limitations. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616 (3d Cir. 1998). The United States Court of Appeals for the Third Circuit described in Miller the limited nature of equitable tolling.

> [E]quitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Shendock, 893 F.2d at 1462. Generally, this will occur when the petitioner has "in some extraordinary way ... been prevented from asserting his or her rights." Oshiver, 38 F.3d 1380. The petitioner must show that he or she "exercised reasonable diligence in investigating and bringing [the] claims." New Castle County, 111 F.3d at 1126. Mere excusable neglect is not sufficient. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990); New Castle County, 111 F.3d at 1126.

7

Id. at 618-19. Put succinctly, a habeas petitioner seeking to invoke the doctrine of equitable tolling must establish two requirements: 1) the existence of "extraordinary circumstances" which prevented him from filing in a timely manner and 2) that he acted with reasonable diligence. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) ("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."), *reh'g and suggestion for reh'g en banc denied*, 207 F3d 666 (11th Cir. 2000). See also Lacava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005) ("Equitable tolling is appropriate . . . such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition **and** the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."). In order "[t]o establish the extraordinary circumstances necessary to equitably toll the AEDPA's statute of limitations, a habeas petitioner must prove that the cause of his delay was both beyond his control and unavoidable even with diligence." Simmons v. Yukins, No. Civ. 01-CV-71287-DT, 2001 WL 739505, at *2 (E.D. Mich. May 9, 2001).

Because equitable tolling is a doctrine of equity, as its name implies, the equitable maxim of one who seeks equity must do equity, Koster v. American Lumbermens Mut. Casualty Co., 330 U.S. 518, 522 (1947), likewise applies. In the present context, this principle of he who seeks equity must do equity requires that Petitioner not have delayed pursuit of his rights. This is so because "[e]quity is not intended for those who sleep on their rights." Covey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir. 1989).

Hence, in addition to proving the existence of extraordinary circumstances, and as a corollary of the principle that equity does not assist those who sleep on their rights, "the party seeking equitable tolling must have acted with reasonable diligence **throughout the period he**

8

**seeks to toll**." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000) (emphasis added) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

In the instant case, given that Petitioner filed his Petition 680 days beyond the 365 days permitted in order to render his Petition timely he would have to have the 680 days equitably tolled in order to bring himself within the 365 days allotted by the AEDPA. See Lacava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005).[8]

Petitioner strenuously argues entitlement to equitable tolling in both his Petition and in his Reply or Traverse. ECF No. 18. He argues that he satisfied the "reasonable diligence" prong by noting all of his efforts to exhaust his state court remedies by the filing of the two PCRA petitions and by trying to overcome the allegedly ineffective assistance of counsel and even the abandonment of counsel during those two PCRA proceedings. Id. at 2 – 11.

In considering Petitioner's argument, we note that it is the heavy burden of the Petitioner in a habeas case to show entitlement to tolling. See, e.g., Polk v. Cain, No. Civ. A. 00-3026, 2001 WL 736755, at *9 (E.D. La. June 23, 2001)("A person seeking the tolling of the statute of limitations period has the burden of showing circumstances exist

---

[8] The Court stated in Lacava that:

> It is a well-established principle that, in order for appellant to claim an entitlement to equitable tolling, he must show that he "exercised reasonable diligence in ... bringing [the] claims." *Miller*, 145 F.3d at 618-619 (*quoting New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116, 1126 (3d Cir.1997); *see also Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)). This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well. *See, e.g., Jones v. Morton*, 195 F.3d at 160 (equitable tolling is not warranted where appellant "made no showing that he 'exercised reasonable diligence' in satisfying the exhaustion requirement in order to present his claims in a timely federal habeas petition").

Lacava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005).

that justify tolling."); Balagula v. United States, 73 F.Supp.2d 287, 291 (E.D.N.Y. 1999)("The burden lays with the petitioner to establish the entitlement to equitable tolling."); Turner v. Singletary, 46 F.Supp.2d 1238, 1243 (N.D. Fla. 1999)("The burden is upon the petitioner to show that equitable tolling is warranted.").

Here, Petitioner has not carried his burden to show entitlement to equitable tolling. While Petitioner strenuously argues entitlement to equitable tolling and mounts an array of arguments in support of the allegation that he acted with reasonable diligence, he utterly fails to satisfy the second prong in order to prove entitlement to equitable tolling. Petitioner fails to show any "extraordinary circumstances" that prevented him from timely filing the instant habeas Petition. This failure is fatal to Petitioner's argument for equitable tolling as the test for entitlement to equitable tolling is conjunctive and both prongs of reasonable diligence and extraordinary circumstances that prevented a timely filing of the habeas petition must be met. See Rios v. Attorney Gen. of U.S., 615 F. App'x 752, 755 (3d Cir. 2015) ("The diligence and extraordinary circumstances test is conjunctive").

Once Petitioner's First PCRA Petition was denied and he learned of such a denial, it was incumbent upon him to file his federal habeas petition in a timely manner as his time for doing so was running. Petitioner makes no argument in support of, and there is nothing in the record that supports the existence of "extraordinary circumstances that prevented him from filing a timely habeas petition" within the contemplation of Lacava v. Kyler, 398 F.3d at 275-76 ("Equitable tolling is appropriate . . . such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition. . ."). As such, Petitioner has failed to carry his heavy burden to show entitlement to equitable tolling.

Although not clear, it may be that Petitioner is invoking the actual innocence exception to the AEDPA statute of limitations. See ECF No. 18 at 1 – 2. ("Petitioner has clearly maintained his innocence of the allegations of sexual misconduct . . . ."). Even if he is doing so, he has not adduced any new evidence of his actual innocence so as to bring himself within this very narrow exception. McQuiggen v. Perkins, __ U.S. __, 133 S.Ct. 1924, 1928 (2013) ("We caution, however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.' *Schlup*, 513 U.S., at 329, 115 S.Ct. 851").

Therefore, for the reasons set forth herein, Petitioner has not carried his burden to show entitlement to equitable tolling because he fails to show extraordinary circumstances or to adduce new evidence of his actual innocence as is his burden. Accordingly, the Petition will be dismissed as being time-barred.

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000); Walker v. Government of The Virgin Islands, 230 F.3d 82, 89-90 (3d Cir. 2000). In Slack v. McDaniel, the United States Supreme Court held that "when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a

valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. at 478. Hence, the analysis as to whether a certificate of appealability should issue to review a procedural question, has "two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Id. at 484-85. The test is conjunctive and both prongs must be met. See Walker v. Government of the Virgin Islands, 230 F.3d at 90.

Applying this standard to the instant case, the Court concludes that jurists of reason would not find it debatable whether the Court would be correct in dismissing the Petition for being untimely under the AEDPA. Accordingly, a certificate of appealability is denied.

BY THE COURT:

s/Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Date: January 7, 2016

cc: All counsel of record via CM-ECF

William H. Mayberry, Jr.
GT-3019
SCI Waymart
P.O. Box 256
Waymart, PA 18472